515 E. 81st LLC v Weston (2025 NY Slip Op 51000(U))

[*1]

515 E. 81st LLC v Weston

2025 NY Slip Op 51000(U)

Decided on June 23, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 23, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., James, Perez, JJ.

570537/24

515 East 81st LLC, Petitioner-Landlord-Appellant,
against
Diane Weston, Respondent-Tenant-Respondent, and "John Doe" & "Jane Doe," Respondents-Occupants.

Landlord, as limited by its briefs, appeals from that portion of an order of the Civil Court of the City of New York, New York County (Daniele Chinea, J.), entered on or about February 2, 2024, after a nonjury trial, awarding tenant rent abatements of 30% for the periods January 2018 through August 2021, and May 2022 through July 2023; 100% for the period September 2021 through April 2022; and 30% for the period commencing August 2023 through completion of required repairs.

Per Curiam.
Order (Daniele Chinea, J.), entered on or about February 2, 2024, modified to the extent of vacating the breach of warranty of habitability rent abatements awarded for the period January 2018 through August 2021, and the period commencing May 2022 through completion of required repairs, and ordering a new trial on the breach of warranty of habitability counterclaim with respect to these specific time periods; as modified, order affirmed, without costs.
A fair interpretation of the evidence supports the 100% rent abatement for the period from September 2021 through April 2022, when tenant vacated the apartment so that landlord could remediate the mold condition (see Ocean Rock Assoc. v Cruz, 66 AD2d 878 [1978], affd 51 NY2d 1001 [1980]), and landlord had "unfettered access" to the premises.
However, with respect to the remaining time periods at issue, the trial court improperly precluded landlord from offering evidence that tenant denied access to landlord's repairmen (see 150-15 79th Ave. Owners Corp. v James, 31 Misc 3d 132[A], 2011 NY Slip Op 50606[U] [App Term, 2d Dept, 11th & 13th Jud Dists 2011]; 930 Fifth Corp. v Shearman, 23 Misc 3d 133[A], 2009 NY Slip Op 50759[U] [App Term, 1st Dept 2009]; Brookwood Mgt. Co. v Melius, 14 Misc 3d 137[A], 2007 NY Slip Op 50247[U] [App Term, 2d Dept, 9th & 10th Jud Dists [2007] ; West [*2]122nd St. Assoc., L.P. v Gibson, 5 Misc 3d 137[A], 2004 NY Slip Op 51578[U] [App Term, 1st Dept 2004]). As the trial court acknowledged, landlord was not required to serve an answer to tenant's warranty of habitability counterclaim (see CCA 907 [a]). Nor could tenant have been surprised by landlord's lack of access defense, particularly given that the issue "appear[ed] on the face" of landlord's "prior pleading" (CPLR 3018 [b]), namely the underlying holdover petition seeking possession based upon tenant's failure to provide access for repairs, which petition was discontinued long after the habitability counterclaim was interposed.
In the circumstances, we remand for a new trial, as indicated.
We have considered and rejected landlord's remaining arguments.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 23, 2025